OPINION
On November 17, 1998, Daniel E. Johnson filed a lawsuit against the city of Dublin, its city attorney and various members of its police department. Mr. Johnson alleged that he had been the victim of an illegal arrest and malicious prosecution.
After service of process, an answer was filed on behalf of the Dublin-related individuals and the city of Dublin. Discovery was pursued, including a deposition of Mr. Johnson which required over two hundred pages of transcription.
On August 24, 1999, a motion for summary judgment was filed on behalf of the named defendants in the lawsuit. The certificate of service on the motion for summary judgment reflects service upon Mr. Johnson via ordinary mail. A notice of a trial date mailed September 22, 1999, was returned to the clerk's office because the forwarding order from a prior address for Mr. Johnson had expired. However, the address to which mail was to be forwarded was the same address as the address used for service of the summary judgment motion.
On October 4, 1999, Mr. Johnson filed a motion to strike the summary judgment motion, alleging that he had never received the summary judgment motion. In the alternative, Mr. Johnson requested that a "copy of the motion * * * be duly serviced and additional time * * * to respond to motion." Mr. Johnson alleged that he first learned of the motion, on October 2, 1999, when he received a draft of an order granting summary judgment.
On October 6, 1999, the trial court journalized a judgment entry granting summary judgment to the defendants.
On October 13, 1999, Mr. Johnson filed a motion seeking leave to amend his complaint.
On October 15, 1999, Mr. Johnson filed a request for a pre-trial conference.
On November 3, 1999, Mr. Johnson filed his notice of appeal. He has filed a brief on his own behalf assigning five errors for our consideration:
 1. The trial court erred in dismissing the complaint with prejudice based upon a motion for summary judgment when the trial court was aware that the plaintiff-appellant never actually received a copy of the motion or any other notice of the possibility of dismissal.
 2. The trial court erred in granting a motion for summary judgment simply because no response was filed by the nonmoving party.
 3. The trial court erred in granting the motion for summary judgment because the motion assumes facts not in the record and because there are genuine issues of facts involved upon which reasonable minds can differ.
 4. The trial court erred in granting the motion for summary judgment because the memorandum in support did not established [sic] that the defendants' [sic] were entitled to judgment as a matter of law.
 5. The trial court erred in granting the motion for summary judgment because the motion did not address each allegation in [the] complaint.
Mr. Johnson provided no affidavit or other evidentiary material to the trial court to demonstrate that he never received the motion for summary judgment. However, he did request that he be given additional time to respond to the motion for summary judgment prior to the trial court's ruling.
Civ.R. 56(F) states:
 Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.
Civ.R. 56 contemplates that a party demonstrate via affidavit that a defense to the motion for summary judgment exists and/or that an extension of time is required so that a full defense to the motion can occur. Since Mr. Johnson provided no evidentiary material for the trial court to consider on either issue, the trial court did not err in proceeding to entertain the merits of the motion for summary judgment. The record before the trial court created at least an inference that Mr. Johnson had been appropriately served the motion for summary judgment. The mere denial in a memorandum that the motion for summary judgment had been received did not have to be accepted at face value by the trial judge. The trial court was within its discretion to proceed to hear the motion for summary judgment.
The first assignment of error is overruled.
The judgment entry signed by the trial judge does not indicate that the trial judge granted summary judgment "simply because no response was filed by the nonmoving party," but because the trial judge found no genuine issue of material fact and found that named defendants were entitled to judgment as a matter of law. Therefore, the second assignment of error is overruled.
Turning to the remaining assignments of error, since Daniel E. Johnson initiated the litigation, he had the obligation to go forward with evidence demonstrating some meritorious basis for his claims. The motion for summary judgment filed on behalf of the named defendants contested the existence of elements of the underlying claims and also asserted a defense of governmental immunity. Since Mr. Johnson provided no evidentiary material on his own behalf, the trial court could consider only his deposition in determining the merits of the motion for summary judgment.
In his deposition, Mr. Johnson indicated that he had never undergone any medical or psychological treatment as a result of his being stopped by the Dublin, Ohio, police and being issued a ticket which alleged that he had been operating a motor vehicle with window tinting which was too dark. Mr. Johnson's wife had purchased the vehicle, a 1987 Buick Regal, in 1990. The tinting had not been changed during her ownership.
According to Mr. Johnson's deposition, the police officer who issued the traffic ticket had written the ticket before he tested the window with a light meter. Thus, the decision to issue the ticket was made based upon the officer's personal observation, not upon the meter reading.
Mr. Johnson stated in his deposition that he believed that, prior to the traffic stop, he had been receiving threatening telephone calls from individuals who identified themselves as police officers. He believed this to be occurring because he had earlier filed a complaint with the city of Columbus about the conduct of some Columbus police officers.
Mr. Johnson also related an incident in which he felt Dublin police had not taken an incident in which his son was injured sufficiently seriously. The son had almost been hit by a car in a parking lot and had damaged his teeth at the time. Mr. Johnson had requested an immediate police investigation, which apparently never occurred.
The deposition given by Mr. Johnson does not indicate that he was ever arrested. He was at most stopped while operating a motor vehicle, temporarily detained, and then issued a citation on a routine traffic charge. The issuing of the citation served as notice of the offense and the reason for the stop and its brief detention. Thus, Mr. Johnson's deposition refutes a claim for relief for unlawful arrest.
The deposition given by Mr. Johnson also reflects ongoing controversy about whether some or all of his windows on the 1987 Buick Regal are tinted too darkly. Mr. Johnson is convinced that the windows are legal and claims to have had the tinting tested by independent parties. However, the ongoing controversy itself indicates that the officer who issued the citation had reasonable grounds to believe the window tinting was illegal. Without some of the independent proof alleged to exist being in the record for the trial court to consider, the trial court could appropriately find the officer had probable cause to issue the citation. The trial court could find a lack of a genuine issue of material fact as to the existence of probable cause when the only evidence of probable cause was Mr. Johnson's subjective belief about the tinting. Establishing that the tinting was too dark required expert testimony and/or scientific examination. Thus, a key element for a claim for relief for malicious prosecution was not supported at the time the trial court considered the summary judgment motion.
The facts alleged in the complaint and the testimony in the deposition also do not support a claim under Section 1983, Title 45, U.S. Code. No pattern or practice is demonstrated. Further, some of the parties named are inappropriate parties for a Section 1983 action.
As a result of the foregoing, the third, fourth and fifth assignments of error are overruled.
All five assignments of error having been overruled, the judgment of the trial court is affirmed.
Judgment affirmed.
 ______________________ TYACK, JUDGE
LAZARUS and PETREE, JJ., concur.